IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


BRUNSON ROBERTS,
ADC #127841                                                                                      PLAINTIFF


v.                              Case No. 5:10-cv-174-DPM


RAY HOBBS, WENDY KELLEY,
DARRYL GOLDEN, RODERICK
JOHNSON, FELICIA PIGGEE,
RICKY WEBB, DAVID TUCKER, and
ANTWON EMSWELLER                                                                    DEFENDANTS


ORDER

The Court has considered Magistrate Judge J. Thomas Ray's Proposed Findings and Recommended Partial Disposition, *Document No. 30*, and Brunson Roberts's objections, *Document No. 39*. After conducting a *de novo* review, the Court adopts most of Judge Ray's recommended disposition and adds some clarifications, prompted largely by Roberts's post-recommendation filings. FED. R. CIV. P. 72(b)(3).

**Official-Capacity Claims.** Roberts's official-capacity claims are claims against the State. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). As Judge Ray noted, *Document No. 30*, at 4–5, those claims seeking money damages are

barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991). Those claims are therefore dismissed with prejudice.

**Inadequate Medical Care.** Roberts objects to the dismissal of his inadequate-medical-care claim because he "has now amended his complaint to [list] specific [ ] names of the workers who fail[ed] to properly treat his blurred vision." *Document No. 39, at 2*. Judge Ray recommended that the Clerk file Roberts's affidavit, *Document No. 29*, as his amended complaint. *Document No. 30, at 11*. But Roberts is almost certainly referring to his recent motion to amend his complaint, *Document No. 38*. The Defendants made no response to that motion. It is therefore granted.

Roberts's claim against Kelley should be dismissed nonetheless. Roberts's amended complaint and his later-produced grievance, *Document No. 40, at 15–16*, do not save his inadequate-care claim. Roberts did not sue any medical staff member "because [Nurse Hubbard] administered treatment[.]" *Document No. 38-1, at 4*. Judge Ray's analysis remains correct even on the expanded record: Roberts has not plausibly pleaded that Kelley was deliberately indifferent to his eye problems. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Camberos v. Branstad*, 73 F.3d 174, 177–78 (8th Cir. 1995).

**Inhumane-Conditions Claims.** *Frye v. Pettis County Sherrif Dept.*, 41 F. App'x 906, 907-08 (8th Cir. 2002) (*per curiam*), is an unpublished case and may not be cited as precedent. 8th Cir. R. 32.1A. But Judge Ray is absolutely right: the 3 September 2009 in-cell incident does not rise to a constitutional violation. *Tokar v. Armontrout*, 97 F.3d 1078, 1082 & n.4 (8th Cir. 1996).

In his objections and amended complaint, however, Roberts has pleaded enough to go forward with his claim about feces under the "lip" of his cell door. Feces allegedly remained there for "over a week." *Document No. 40, at 12*. Roberts alleges that he told "every officer of rank who came in cellblock 6 for several days that the feces needed to be cleaned from under the elevator." *Document No. 38-1, at 2*. And that he specifically tried to draw Johnson, Piggee, Webb, Tucker and Emsweller's attention to the feces. *Document No. 38-1, at 3*. Roberts has now said enough to pursue his deliberate-indifference claims against these Defendants. But he has not pleaded enough to proceed against Hobbs as a supervisor. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

**Footnote 7.** Being new to the job, the undersigned does not have the benefit of Judge Ray's experience with unsupported arguments by the State

on qualified immunity. The Court therefore declines to adopt footnote 7. The unsupported reference to qualified immunity in this case seems like an afterthought. *Document No. 21, at 3-4*. The Court is nonetheless concerned about this matter, and will therefore send this opinion and Judge Ray's opinion to the Attorney General for consideration.

* * *

Defendants' motion to dismiss, *Document No. 20*, is granted in part and denied in part. Roberts can pursue his individual-capacity claims against Johnson and Webb about the 9 September 2009 incident. His individual-capacity claims against Johnson, Piggee, Webb, Tucker, and Emsweller about the feces under Roberts's door may also go forward. All the official-capacity damages claims are dismissed with prejudice. The rest of Roberts's claims are dismissed without prejudice.

Roberts's motion to amend, *Document No. 38*, is granted. The Clerk is directed to file *Document No. 38-1* as Roberts's "Amended Complaint." Notwithstanding this amendment, Roberts may pursue only claims that survive this Order. An *in forma pauperis* appeal from this Order would not be taken in good faith. 28 U.S.C.A. § 1915(a)(3) (West 2006).

So Ordered.

*/s/ D.P. Marshall Jr.*
_____
D.P. Marshall Jr.
United States District Judge

28 February 2011