# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BRUNSON ROBERTS,
ADC #127841                                                              PLAINTIFF

V.                              5:10CV00174 DPM/JTR

RODERICK JOHNSON, et al.                                                DEFENDANTS

### ORDER

Plaintiff, Brunson Roberts, is a prisoner in the Cummins Unit of the Arkansas Department of Correction. He has commenced this *pro se* § 1983 alleging that, while he was in the Varner Super Max Unit, Defendants subjected him to cruel and inhumane conditions of confinement when they allowed raw sewage to remain on his cell floor for approximately two weeks. *See* docket entries #2, #46, and #48.

Plaintiff has recently filed a Motion to Compel Defendants to respond to four discovery requests he sent them on an unspecified date.[1] *See* docket entry #51. Defendants have filed a largely unhelpful Response to that Motion. *See* docket entry #54. The Court will address each contested discovery request separately.

### 1.    Plaintiff's Request for a Witness's Full Name and ADC number

Plaintiff asked Defendants to provide the full name and ADC number of an

---

[1] Neither party has provided the Court with a copy of Plaintiff's discovery requests or the Defendants' responses thereto.

inmate who worked on the plumbing near or in his cell.[2] *See* docket entry #51. Plaintiff asserts that he needs this information so that he can question the inmate about the nature of the plumbing problems, how long they existed, and how Defendants' may have addressed any such problems. Accordingly to Plaintiff, he needs this information to establish deliberate indifference.

Defendants state, *without any explanation*, that unspecified "security concerns" prevent them from releasing the requested information to Plaintiff. *See* docket entry #54 at 1. They also state that Plaintiff will not be able to contact the inmate because unspecified prison rules prevent prisoners from corresponding with one another. *Id.*

Without some explanation of the specific prison rules in question and the alleged security concerns, the Court cannot evaluate Defendants' objections. Accordingly, Defendants have fourteen days from the entry of this Order to provide the Court with a full explanation of the prison rules in question and the legitimate security concerns that prevent the ADC from providing Plaintiff with the requested information so that he can "contact" the prisoner in question.[3]

---

[2] Plaintiff alleges that he knows the inmates last name, but not his first name or ADC number. Neither party has provided the Court with the inmate's last or first name.

[3] While Plaintiff may not be allowed to contact the prisoner due to "security concerns," he is at least entitled to discover the name of this prisoner so that, if the case proceeds to trial, he can be called as a witness.

### 2.     Plaintiff's Request for ADC Administrative Regulation 225

Plaintiff has requested a copy of ADC Administrative Regulation 225 on "Employee Conduct Standards." *See* docket entry #51. Plaintiff explains that he needs the policy to establish that Defendants acted with deliberate indifference. *Id.*

Defendants state, without any explanation, that inmates are not permitted to possess ADC polices due to unspecified "security concerns." *See* docket entry #54 at 1. The Court finds Defendants' unexplained refusal to provide the documents to be at odds with the ADC's practice in other cases, where it has released Administrative Directives and policies to prisoners. Second, many ADC policies and directives are available in the prison libraries. Third, Administrative Directive 225 is available to the public on the ADC's website. Accordingly, Defendants have fourteen days to provide the Court with a full explanation of the security concerns that justify Plaintiff not being allowed to have a copy of Administrative Regulation 225.

### 3.     Plaintiff's Request for a Copy of his March 2, 2011 Deposition

Plaintiff, who is proceeding *in forma pauperis*, has requested a copy of his March 2, 2011 deposition. *See* docket entry #51. Defendants claim that they are under no obligation to do so. *See* docket entry #54.

Federal Rule of Civil Procedure 30(b)(3)(A) and (f)(3) specify that the party taking the deposition shall bear the cost of recording it, and that any party may request

a transcript of that recording.  The Rule does not specify who is to pay for copies of the transcript.  However, it is the custom in this district for the party taking the deposition to pay for and provide a copy of the transcript to the deponent.  Thus, Defendants have fourteen days from the entry of this Order to provide Plaintiff with a copy of his March 2, 2011 deposition.

    **4.**    **Plaintiff's Request for An Insurance Agreement**

Plaintiff has requested a copy of any insurance agreement that will cover damages that may be awarded in this case.  *See* docket entry #51.  Defendants state that they do not have any such insurance agreement.  *See* docket entry #54.  Defendants cannot be ordered to produce what they do not have.  Thus, the Motion to Compel is denied as to this request.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel (docket entry #51) is GRANTED, as specified in this Order.

Dated this 27th day of May, 2011.

                                                                                                        /s/ J. Thomas Ray
                                                         UNITED STATES MAGISTRATE JUDGE