IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRUNSON ROBERTS,
ADC #127841                                                          PLAINTIFF

v.                          No. 5:10-cv-174-DPM

RODERICK JOHNSON, FELICIA PIGGEE,
RICKY WEBB, DAVID TUCKER, and
ANTWON EMSWELLER                                                    DEFENDANTS

ORDER

The Court has considered Magistrate Judge J. Thomas Ray's Proposed Findings and Recommended Partial Disposition, *Document No. 83*, and Roberts's partial objections, *Document No. 91*. After conducting a *de novo* review, the Court adopts Judge Ray's recommended disposition with clarification. FED. R. CIV. P. 72(b)(3).

1. Because genuine issues of material fact remain about the amount of sewage and how long it stayed near Roberts's cell, the Court adopts Judge Ray's sound reasoning on the conditions-of-confinement claim. Summary judgment is unwarranted. The parties will proceed to trial on that issue. No party objects to that disposition. Because Roberts has been transferred to another Arkansas Department of Correction facility, the Court also adopts

Judge Ray's analysis that Roberts's requests for injunctive relief are moot. Roberts does not object to that disposition.

2. The Court adds these clarifications on exhaustion. First, footnote 2 should reflect that it is *un*disputed that Roberts exhausted as to Defendants Johnson, Webb, and Tucker. Second, the Court agrees with, adopts, and expands Judge Ray's exhaustion analysis as to Piggie and Emsweller.

The Court accepts as true what Roberts says in objecting on this issue: he did not know Piggie or Emsweller's identity until after the fifteen-day period to file a grievance had expired; ADC policy requires specificity in naming ADC employees involved; and ADC policy does not allow grievances to be amended. *Document No. 57-5* (ADC Adm. Dir. 09-01 § IV(C)(4) ("Grievances must specifically name each individual involved[.]"); § IV(E)(1) (grievance forms "shall be . . . submitted within 15 days after the occurrence of the incident[.]"); § IV(E)(2) ("ONLY THE STATEMENT IN THE SPACE PROVIDED WILL BE . . . CONSIDERED PART OF THE GRIEVANCE SUBMISSION[.]") (emphasis original); § IV(F)(2) ("[n]ew issues cannot be added to the [grievance] form and will not be considered.")).

-2-

The Court concludes, however, that Roberts could have—and should have—done more during his fifteen-day window to exhaust as to Piggee and Emsweller. It is undisputed that on 11 September 2009, Roberts knew that Ms. Free had notified sanitation, "however no response to this matter." *Document No. 40, at 11*. At this point, Roberts should have filed another grievance—against sanitation, Free, or perhaps John Does—to exhaust his administrative remedies. Whether Roberts would have prevailed on the new grievance with less than full information is not the issue. Instead, to comply with the PLRA, the issue is whether Roberts did anything to press his new claim that other ADC employees had now dropped the ball. He did not. Having failed to speak out at that point, Roberts may not pursue Piggie and Emsweller in this case.

* * *

Motion for summary judgment, *Document No. 57*, denied. Defendants Piggee and Emsweller are dismissed without prejudice for failure to exhaust. Roberts may proceed to a jury trial against all remaining Defendants on his conditions-of-confinement claim. All Roberts's requests for injunctive relief, *Document No. 2, at 12*, are denied as moot.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

6 February 2012