IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BRUNSON ROBERTS**
**ADC #127841**                                                                          **PLAINTIFF**

v.                        No. 5:10-cv-174-DPM

**RODERICK JOHNSON; RICKY WEBB;**
**and DAVID TUCKER**                                                                     **DEFENDANTS**

ORDER

Puzzling through the new summary-judgment papers and issues, especially qualified immunity, has been more difficult than the Court anticipated. The Court concludes that the best course is to clarify the record some, if possible, and have oral argument on the motion before making any ruling. Hearing set for 1:30 p.m. on Thursday, 21 February 2013.

On the facts, the Court would benefit from these things:

- a diagram of Roberts's cell;

- photographs of his cell;

- some information about exactly where the food elevator is in relation to his cell; and

- any medical records (beyond Exhibit G to *Document No. 121*) about treatment of Roberts's eyes, or complaints of problems, post-exposure.

The Court believes that these are undisputed matters, which may be lurking in the record already, and which would come in at trial anyway. If the parties cannot agree to this supplementation, please advise the Court.

On the law, the Court is puzzled by Defendants' exhaustion arguments. This issue seemed settled. *Document Nos. 83, at 3, note 2; 92, at 2; 115-6; 115-7 & 115-8.* How is exhaustion (or not) a new matter, only revealed recently in the depositions? This was the guiding principle for the new motion. And what direct precedent is there for Defendants' arguments that, two years into the case, Roberts cannot present and argue any facts of record in support of his unconstitutional-conditions claim beyond those in his grievances? Does all the procedural history show waiver? Consider *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001). The Court looks forward to Defendants' answers to these questions.

It now appears undisputed that Johnson, Webb, and Tucker were not on the job on September 3rd, and that they came back to work on September 4th in the early evening, working off and on during the next several weeks. *E.g., Document Nos. 115-2 & 115-3.* Does Roberts agree that there are the undisputed facts about Defendants' presence?

This is how the Court sees the record, in the light most favorable to Roberts, about the later exposures. Does Roberts agree? From September 4th through 9th, Roberts was unable to clean the raw sewage from under the four-foot wide door to his cell; he was exposed to another sewage flood for a few hours on the 9th; afterward, he was denied bleach to clean his cell but he did so with his own soap; and for a couple of weeks thereafter, he lived with feces stuck under his door and the smell from the overflow in the bottom of the uncleaned food elevator.

What injury did these exposures (not the September 3rd overflow and cleanup) cause Roberts? From September 4th forward, is this a *de minimus* injury situation, as Defendants' argue? In the totality of the circumstances, how critical is any physical injury to make a jury issue? Consider *Whitnack v. Douglas County*, 16 F.3d 954, 957-58 (8th Cir. 1994) and similar precedents. The Court looks forward to Roberts's answers at the hearing in terms of the conditions-of-confinement/sewage exposure precedents.

The Court recognizes that this is a quick-turnaround assignment and appreciates counsels' efforts to help the Court on short notice.

So Ordered.

*D.P. Marshall Jr.* (signature)
D.P. Marshall Jr.
United States District Judge

<u>20 February 2013</u>