IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRUNSON ROBERTS,
ADC #127841                                                          PLAINTIFF

v.                          No. 5:10-cv-174-DPM

RODERICK JOHNSON; RICKY WEBB;
and DAVID TUCKER                                                     DEFENDANTS

ORDER

**1.** The Court heard argument yesterday afternoon on Defendants' motion for summary judgment, *Document No. 115*. The motion is granted in part and denied in part without prejudice for the detailed reasons stated on the record at the end of the hearing: Tucker is dismissed as a defendant; Johnson and Webb are entitled to qualified immunity for the events of 3-9 September 2009 until Roberts's evening conversation with Johnson after the second overflow; there is no evidence, moreover, that Webb and Johnson had any part in causing any injury that coincided with the first overflow and cleanup; and qualified immunity is denied without prejudice for events starting with the conversation on the evening of 9 September 2009 and the lack of cleanup (and supplies to clean up) for about two weeks. The case will

proceed to trial solely on that aspect of Roberts's unconstitutional conditions-of-confinement claim on 11 March 2013.

 **2.** The Court also ruled on Roberts's motion *in limine*, Document No. 130. For the reasons stated on the record, the motion is granted in part and denied in part. The defendants will be allowed to question witnesses about the medical evidence and argue about causation and damages. Prior rulings of the Court will come in only to the extent discussed at the hearing. Any evidence or detailed statement about Roberts's prior convictions and bad acts will be allowed only if Roberts opens the door. Roberts may appear in civilian clothing, but he must provide his own clothes. The issue of who will be paying any judgment is not off-limits, but counsel should not make it a focal point.

 **3.** Roberts asks the Court to approve reimbursement for out-of-pocket expenses for appointed counsel, including supplemental depositions approved at the 31 October 2012 motion hearing. *Document Nos. 114 & 128.* These motions are granted in part and denied in part. The total amount requested is $5,394.01. The Court will pay the entire cost of the supplemental depositions ($1,045.85). Reimbursement for earlier depositions must be

limited, regrettably, due to the Court's finite resources. Mileage and witness fees totaling $499.66 will be reimbursed in full. Transcription services will be reimbursed at 75%, totaling $2,848.88. ($1,328.55+$1,406.80+$1,063.15) x 0.75. There will be no reimbursement for the $50 paid to the process server for Ms. Robinson's subpoena.

Roberts also applies to approve witness-related expenses for the upcoming trial — service of subpoenas, mileage, and witness fees for three individuals who live outside of Little Rock. *Document No. 129.* The Court will pay the witness and mileage fees ($415.76) for these three witnesses. But the Court will not pay $50 per witness for personal service because service can be made more cost effectively. The total reimbursement comes to $4,810.15. The Court directs the Clerk to make this payment to appointed counsel.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

22 February 2013